J-S26019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GILBERTO CARDENAS-TORRES | : | |
| | : | |
| Appellant | : | No. 355 MDA 2022 |

Appeal from the PCRA Order Entered January 27, 2022
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0001604-2020

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:        **FILED: OCTOBER 11, 2022**

Gilberto Cardenas-Torres (Appellant) appeals from the order entered on January 27, 2022, in the Franklin County Court of Common Pleas, dismissing his petition for collateral relief filed under the Post Conviction Relief Act (PCRA).[1]  Appellant seeks relief from the judgment of sentence of three to 18 months of county imprisonment, imposed on December 3, 2020, after he pled guilty to one count of terroristic threats (intent to terrorize another).[2] Appellant's court-appointed counsel, Christopher L. Reibsome, Esquire (PCRA counsel), has filed a petition to withdraw from representation and a brief

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2706(a)(1).

pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).[3] We grant PCRA counsel's petition to withdraw, and affirm the order dismissing Appellant's petition.

A recitation of the underlying facts is not necessary to our disposition. Briefly, on October 31, 2020, Appellant was charged with three counts each of terroristic threats and harassment. ***See*** PCRA Ct. Op., 4/11/22, at 1. On December 3rd, he entered a negotiated guilty plea to one count of terroristic threats and "agreed to the additional terms of 3-18 months incarceration." ***Id.*** As part of the agreement, the Commonwealth dismissed the remaining charges. ***Id.*** Appellant did not file a direct appeal.

Subsequently, Appellant filed several *pro se* documents: (1) a "motion in request for a ***Padilla***[4] hearing," filed on August 18, 2021; and (2) two PCRA petitions, both filed on September 13, 2021, and alleging ineffective

---

[3] Preliminarily, we note that PCRA counsel erroneously seeks to withdraw under ***Anders, supra***, instead of the proper procedure espoused in ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Generally, we accept an ***Anders*** brief in lieu of a ***Turner/Finley*** letter because an ***Anders*** brief provides greater protection to the defendant. ***See Commonwealth v. Fusselman***, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

[4] ***See Padilla v. Kentucky***, 559 U.S. 356, 374 (2010) (holding that failure of criminal defense attorney to advise their non-citizen client of immigration consequences of guilty plea constitutes constitutionally ineffective assistance of counsel).

assistance of counsel for failing to advise him of the immigration consequences of his guilty plea. On January 7, 2022, the PCRA court held an evidentiary hearing on the matter. Both plea counsel, Christopher J. Mosebrook, Esquire, and Appellant testified. *See* PCRA Ct. Op. at 1. The PCRA court summarized their testimony as follows:

> [Appellant] testified that he spoke over the phone with a woman regarding the guilty plea and the sentence of 3-18 months incarceration, but no one explained the consequences of his conviction and incarceration to him and how it would affect his immigration status. His attorney did not review or ask him about his immigration status. He did not know that he would be deported as a consequence of the guilty plea. Attorney Mosebrook testified that he spoke with [Appellant] over the phone regarding the 3-18 months incarceration and he knew that [Appellant] was not a permanent resident in the United States. From the conversation over the phone[,] he found out that [Appellant] did not have any immigration detainer lodged against him. Attorney Mosebrook understood that although no current detainer was lodged against him, it did not mean that a detainer could not be lodged against him. Therefore, Attorney Mosebrook advised [Appellant] to talk with an immigration attorney regarding the consequences . . . a guilty plea . . . would have on his immigration status. Attorney Mosebrook has no idea whether [Appellant] took his advice. The Public Defender's Office in Franklin County of Pennsylvania does not have a policy requiring public defenders to sign documents with clients to confirm their immigration status. When negotiating with the Franklin County District Attorney's Office regarding the guilty plea, Attorney Mosebrook mentioned [Appellant]'s immigration status to the district attorney and the possible impact of the guilty plea on [Appellant]'s immigration status. Attorney Mosebrook did not mention [Appellant]'s immigration status to the trial court at the time of the plea and sentencing.

*Id.* at 1-2.

On January 27, 2022, the PCRA court entered an order denying Appellant's petition. This appeal followed.[5]

Before we may conduct any substantive analysis, we must examine whether PCRA counsel has met the procedural requirements for withdrawing as counsel.

> Counsel petitioning to withdraw from PCRA representation . . . must review the case zealously. [PCRA] counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that. . . satisfy the technical demands of *Turner/Finley*, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

Instantly, we conclude that PCRA counsel has substantially complied with the requirements of *Turner/Finley*. Specifically, PCRA counsel's

---

[5] Appellant complied with the PCRA court's directive to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On April 11, 2022, the court issued a Pa.R.A.P. 1925(a) opinion.

***Anders*** brief and petition to withdraw detail the nature and extent of his review, address the issue raised at the PCRA hearing, and determine that the claim lacks merit. In his petition, PCRA counsel indicated that he reviewed all issues for appeal, researched the law and reviewed the facts to find any issue of merit, and concluded that Appellant is barred from relief because he is currently not serving a sentence as required by the PCRA. ***See*** Petition of Appellant['s] Counsel for Leave to Withdraw, 6/10/22, at 1 (unpaginated). In his letter to Appellant, PCRA counsel indicated he sent Appellant his petition to withdraw, as well as his ***Anders*** brief, and notified him that he had the right to retain private counsel or proceed *pro se*. ***See*** Letter from PCRA Counsel to Appellant, 6/10/22, at 1 (unpaginated). Appellant has not filed a response to counsel's request to withdraw. As counsel has complied with the technical requirements to withdraw his representation pursuant to ***Turner/Finley***, we must now conduct our independent review of the issues raised by counsel and determine whether the issues lack merit. ***See Walters***, 135 A.3d at 591.

Appellant raises the following issues: (1) whether trial counsel's failure to "inform or advise [Appellant] of the immigration ramifications of a plea and instead telling him to consult an immigration attorney while incarcerated violates" ***Padilla*** and, therefore, constitutes ineffective assistance; and (2) whether a defendant raising [***Padilla***] violations must prove the outcome of a

case or innocence before they can succeed on an ineffective assistance of counsel claim, based on *Padilla*[?]" *Anders* Brief at 8.[6]

Based on the nature of Appellant's claims, we are guided by the following. Our standard of review regarding the denial of PCRA relief calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. *See Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*[7]

Relevant to the matter herein, although it is unclear exactly when Appellant was released, it is undisputed that he is no longer serving his sentence for the conviction at issue.[8] *See Anders* Brief at 10 ("As of April

---

[6] The Commonwealth filed a letter with this Court on June 27, 2022, indicating that it would not be filing an appellee's brief in the matter. *See* Letter, 6/27/22.

[7] Moreover, "[a] PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts. Indeed, one of the primary reasons PCRA hearings are held in the first place is so that credibility determinations can be made[.]" *Commonwealth. v. Johnson*, 966 A.2d 523, 539 (Pa. 2009) (citations omitted). *See also Commonwealth v. Flor*, 259 A.3d 891, 910-11 (Pa. 2021).

[8] At the time of the PCRA hearing, Appellant was being held in Massachusetts because he indicated that the county jail in Pennsylvania had closed but he also stated he was there on an immigration detainer. *See* N.T., 1/7/22, at 5-6. Moreover, we point out the tail end of his sentence had expired in June of 2022.

30, 2022, Appellant has completed his sentence and is no longer serving on parole."); *see also* Motion for Post Conviction Collateral Relief, 9/13/21, at 1 ("I have completed all sentence.") (grammatical error in original).

Therefore, we must consider whether Appellant is eligible for relief under the PCRA. Section 9543(a)(1)(i) sets forth the eligibility requirements, in relevant part, as follows:

> (a) **General rule**. — To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is **at the time relief is granted**:
>
> > (i) currently serving a sentence of imprisonment, probation or parole for the crime [or]
> >
> > (ii) awaiting execution of a sentence of death for the crime[.] . . .

42 Pa.C.S. § 9543(a)(1)(i)-(ii) (emphasis added).

> Case law has strictly interpreted the requirement that the petitioner be currently serving a sentence for the crime to be eligible for relief.
>
> Here, the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute. To be eligible for relief a petitioner must be *currently* serving a sentence of imprisonment, probation or parole. To grant relief at a time when appellant is *not* currently serving such a sentence would be to ignore the language of the statute.
>
> ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997) (emphasis in original).

*Commonwealth v. Plunkett*, 151 A.3d 1108, 1109 (Pa. Super. 2016) (emphasis in original). Consequently, courts lose jurisdiction over matters when a defendant's sentence expires. *See Commonwealth v. Turner*, 80 A.3d 754, 769 (Pa. 2013)

In addressing Appellant's claim, we are guided by *Commonwealth v. Descardes*, 136 A.3d 493 (Pa. 2016). In *Descardes*, the petitioner was a Haitian national, who had resident alien status, in the United States. *Descardes*, 136 A.3d at 494. He had pled guilty to insurance fraud and conspiracy to commit insurance fraud. *Id.* He was "not advised prior to entering his plea that deportation was a collateral consequence of his plea pursuant to the Immigration and Naturalization Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (deportation is automatic upon a conviction for an aggravated felony)." *Descardes*, 136 A.3d at 494. After he completed serving his probationary sentence in 2007, he went on a personal business trip in 2009. *Id.* When he attempted to reenter the United States, immigration officials denied him reentry due to his convictions. *Id.* The petition argued that his plea counsel was ineffective for failing to advise him of the mandatory consequence of deportation and sought to have his conviction vacated and his guilty plea withdrawn in light of *Padilla*. *Id.* at 494-95. The Pennsylvania Supreme Court concluded his "PCRA petition should have been dismissed because, as he was no longer incarcerated at the time it was filed, he was ineligible for PCRA relief, and, thus, both the PCRA

court and the Superior Court lacked jurisdiction to entertain the petition." *Id.*

at 503. Here, like *Descardes*, Appellant is ineligible for relief under the PCRA

because he completed his sentence even though he raised a *Padilla* claim.

We find this Court's decision in *Plunkett* dispositive in the present

matter. There, the defendant was on probation at the time he filed his PCRA

petition. *Plunkett*, 151 A.3d at 1109. The defendant "completed his

sentence after the PCRA hearing and order denying him relief, as well as after

filing his notice of appeal, but prior to the transmittal of the certified record to

this Court." *Id.* at 1110. A panel of this Court determined the defendant was

ineligible for relief, finding "the statutory requirement that a PCRA petitioner

be currently serving the sentence is applicable to the instant circumstance

where the PCRA court's order was issued while petitioner was still serving the

required sentence, but that sentence terminated prior to the resolution of his

appeal." *Id. at* 1112-13. Like the defendant in *Plunkett*, Appellant

completed his sentence after the PCRA hearing and the court's order denying

him relief, as well as after filing his notice of appeal, but while the matter was

pending before us.

Our decision is also supported by this Court's discussion in *Turner*,

which was summarized by the *Plunkett* Court as follows: "*Turner*

[ultimately] determined, because the petitioner's liberty interest was no

longer affected after his or her sentence was completed, there was no due

process violation in denying relief when the PCRA petition had been filed in a

timely manner, but the sentence expired prior to any adjudication." ***Plunkett***,

151 A.3d at 1110. The ***Turner*** Court stated:

> We agree with the Commonwealth that due process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence. Analogously, because the common law and statutory writ of *habeas corpus* in federal court challenges the basis of criminal conviction and custody, it requires that a petitioner be in custody before *habeas* jurisdiction can attach. ***Preiser v. Rodriguez***, 411 U.S. 475, 484 (1973) (providing that the essence of the common law writ of *habeas corpus* is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody); ***United States ex rel. Dessus v. Pennsylvania***, 452 F.2d 557, 559-60 (3d Cir. 1971) ("the *sine qua non* of federal *habeas corpus* jurisdiction is that petitioner be 'in custody' . . ." even as to claims of constitutional dimension: "Thus, custody is the passport to federal *habeas corpus* jurisdiction. Without custody, there is no detention. Without detention, or the possibility thereof, there is no federal *habeas* jurisdiction." (emphasis added)). ***See also*** 28 U.S.C. § 2255(a) (extending the right to seek *habeas corpus* relief to "[a] prisoner in custody under sentence" of a federal court); 28 U.S.C. § 2254(b) (extending the right to "a person in custody pursuant to the judgment of a State court"). Accordingly, because [the p]etitioner's liberty is no longer burdened by a state sentence, she has no due process right to collateral review of that sentence.
>
> Because individuals who are not serving a state sentence have no liberty interest in and therefore no due process right to collateral review of that sentence, the statutory limitation of collateral review to individuals serving a sentence of imprisonment, probation, or parole is consistent with the due process prerequisite of a protected liberty interest. 42 Pa.C.S. § 9543(a)(1)(i). Of course, the legislature was free to extend a statutory right of collateral review to individuals like [the p]etitioner who had completed their sentence and, had they done so, they would be constitutionally obligated to ensure that those rights were impacted only in accord with due process. ***See Evitts v. Lucey***, 469 U.S. 387, 401 (1985) ("when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the

- 10 -

Constitution—and, in particular, in accord with the Due Process Clause")[.] . . .

*Turner*, 80 A.3d at 765-66. Accordingly, Appellant is not entitled to relief pursuant to *Plunkett* and *Turner*.[9]

Additionally, it merits mention that while it appears Appellant is currently incarcerated due to the actions of a federal government agency, he is no longer serving his judgment of sentence for the underlying terroristic threats conviction. *See* 42 Pa.C.S. § 9543(a)(1)(i) (providing to be eligible for relief under the PCRA the petitioner must be "currently serving a sentence of imprisonment . . . for *the* crime") (emphasis added). Accordingly, because Appellant is no longer serving the sentence being challenged herein, we conclude that he is not eligible for PCRA relief.[10]

---

[9] Moreover, it merits mention that *Commonwealth v. Delgros*, 183 A.3d 352 (Pa. 2018), is not applicable to the instant matter. There, the defendant was convicted of receiving stolen property and sentenced only to pay a fine and restitution. *Id.* at 354. The court did not impose any imprisonment, probation, or parole. *Id.* The defendant then raised an ineffective assistance of counsel claim in a post-sentence motion. *Id.* In reversing a decision by a panel of this Court, the Pennsylvania Supreme Court "require[d] trial courts to examine ineffectiveness claims [raised in post-sentence motions] when the defendant is ineligible for PCRA review." *Id.* at 353. However, *Delgros* is distinguishable from the present case because here, Appellant was sentenced to a term of incarceration as opposed to a fine or restitution amount.

[10] While our rationale differs from the PCRA court insofar as it did not conduct an eligibility analysis, it is well-settled that we may affirm on any basis. *See Commonwealth v. Clouser*, 998 A.2d 656, 661 n.3 (Pa. Super. 2010). In any event, even if Appellant were eligible for review, we would affirm on the basis of the PCRA court's April 11, 2022, opinion. *See* PCRA Ct. Op. at 3-8 (finding: (1) though Attorney Mosebrook did not advise Appellant of the

*(Footnote Continued Next Page)*

- 11 -

Lastly, after conducting our independent review, we agree with PCRA counsel that there is no basis for relief in the present case. ***See Walters***, 135 A.3d at 591.  Accordingly, we affirm the PCRA court's dismissal of Appellant's petition, and we grant counsel's petition to withdraw.

Order affirmed. PCRA Counsel's petition for leave to withdraw granted. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/11/2022

---

potential deportation consequences of his guilty plea, counsel did advise Appellant to talk with an immigration attorney regarding the consequences of a guilty plea; (2) applying the rule in ***Commonwealth v. Wah***, 42 A.3d 335 (Pa. Super. 2010), Attorney Mosebrook acted within the range of professionally competent assistance and did not violate ***Padilla***; and (3) Appellant failed to demonstrate that he was prejudiced by counsel's actions and that the outcome of the proceedings would have been different).